UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ENRIQUE BELTRA, et al.,            ) | |
|                                    ) | |
|      Plaintiffs,                   ) | |
|                                    ) | |
|      vs.                           ) | CAUSE NO. 1:12-cv-1079-WTL-TAB |
|                                    ) | |
| GRAND STONE & TILE, INC., et al.,  ) | |
|                                    ) | |
|      Defendants.                   ) | |

## ENTRY DISMISSING CASE WITHOUT PREJUDICE

On March 11, 2013, the Court entered an order to show cause pursuant to Local Rule 41-1. That order directed the Plaintiffs in this cause to show cause why this case should not be dismissed for failure to prosecute in light of the fact that the Plaintiffs had made no filing since their amended complaint was filed on August 8, 2012, and there was no indication that the Plaintiffs had served the Defendants with the amended complaint. The order also pointed out deficiencies in the Plaintiffs' jurisdictional allegations and directed the Plaintiffs to provide the necessary jurisdictional information in their response to the order to show cause.

Plaintiffs' counsel, Brian Salwowski, filed a timely response to the order to show cause in which he stated that he had not attempted to effect service because he was "under the mistaken belief that the summons would be served on the defendant [sic.] by the clerk of the federal court" and that he "did not become aware that a problem existed with service in this lawsuit" until he received the order to show cause. Dkt. No. 7. Therefore, he argues, there was good cause for his failure to effect service within the relevant time period and the Court must give him additional time pursuant to Federal Rule of Civil Procedure 4(m).

There is an obvious problem with counsel's argument. Federal Rule of Civil Procedure

4(c)(1) provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."  The law is clear:  "Failure to read a rule is the antithesis of good cause."  *Tuke v. United States*, 76 F.3d 155 (7th Cir. 1996).  And there is another problem:  It appears that Mr. Salwowski's representation that he was unaware that he was responsible for service until he received this Court's order to show cause is demonstrably untrue.  In fact, Mr. Salwowski became aware of that fact no later than February 6, 2013, which is the date that he filed an almost identical response to a show cause order in another case in this district, *Ross v. Nice-Pak Products, Inc.*, Cause No. 1:12-cv-1163-RLY-DML.  Inasmuch as Mr. Salwowski represents plaintiffs in only two cases pending in this district, the fact that he failed to take action in this case given his experience in his other case seems to defy explanation.  Mr. Salwowski clearly has not demonstrated good cause for his failure to effect service in this case prior to the Court's order to show cause.

   The problems do not end there.  The Court's order to show cause also pointed out three specific ways in which the amended complaint in this case failed to provide adequate jurisdictional information and instructed the Plaintiffs to include the necessary information in their response to the order.  The Plaintiffs instead filed a second amended complaint, purportedly to correct these failures.  The second amended complaint was filed without leave of court in violation of Federal Rule of Civil Procedure 15(a), which provides that a pleading may be amended only once without either leave of court or the written consent of the opposing parties.

   Even more troubling than the failure to seek leave of court is the fact that the second amended complaint still does not contain all of the information necessary for the Court to determine whether it has jurisdiction over this case, despite the explicit directions given in the order to show cause.  Specifically, the Court pointed out that the amended complaint alleged that the Plaintiffs are

2

"residents of the state of Indiana" and Defendant Javier Meleiro is a "resident of New Jersey," but "residence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). In the second amended complaint, the Plaintiffs still allege only the states in which the Plaintiffs reside, not the states of which they are citizens. In addition, the Court pointed out that the Plaintiffs failed to identify the members of Defendant JAS Granite and Tile, LLC, and the citizenship of each member. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) 2007) (for purposes of diversity jurisdiction, citizenship of a limited liability company is determined by citizenship of each of its members). In the second amended complaint, the Plaintiffs identify the two members of JAS Granite and Tile, LLC, but fail to identify the state(s) of their citizenship; they identify the state of residence of one member and give no information other than the name of the second member.

> In its order to show cause, the Court admonished the Plaintiffs that:
>
> **If the Plaintiffs wish to proceed with this case, they must provide all of the necessary jurisdictional information in their response to this Order. The failure to file a timely and complete response to this Order will result in the Plaintiffs' claims being dismissed with prejudice.**

Dkt. No. 6. In light of the fact that Plaintiffs' counsel filed a timely response to the order to show cause and made an attempt, albeit a woefully inadequate one, to provide the requisite jurisdictional information, the Court will not dismiss the Plaintiffs' claims with prejudice for failure to prosecute. However, in light of the myriad of issues set forth above that Plaintiffs' counsel has failed to remedy despite being given the opportunity to do so, and in light of the fact that counsel has not shown good cause for his failure to effect service in a timely manner despite having the same failure pointed out to him in another case, the Court declines to extend the period of service and instead **HEREBY**

**DISMISSES THIS CASE WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m).

    SO ORDERED:  05/02/2013

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**JAS Granite & Tile, LLC**
**145 Chapel St.**
**Newark, NJ  07105**

**Javier Y. Meleiro**
**99 Chambers St.**
**Newark, NJ  07105**

**Grand Stone & Tile, Inc.**
**16 Herbert St. Hanger 3**
**Newark, NJ  07105**

Copy to counsel of record via electronic notification